IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES YORK, #109642, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-341-WHA |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Charles York ["York"], a state inmate, on April 2, 2006.[1] The petition establishes that York was convicted of murder by the Circuit Court of Mobile County, Alabama on March 28, 1974. It is this conviction which York challenges in the instant habeas petition.

**DISCUSSION**

This court "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d). York attacks

---

[1] 1. Although the Clerk of this court stamped the present petition "filed" on April 14, 2006, York certified the petition for mailing on April 2, 2006. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing and for purposes of this Recommendation, the court considers April 2, 2006 as the date of filing.

convictions entered against him by the Circuit Court of Mobile County, Alabama. Mobile County is located within the jurisdiction of the United States District Court for the Southern District of Alabama. In light of the foregoing, the court concludes that a transfer of this case to such other court for review and disposition is appropriate.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).[1]

It is further

ORDERED that on or before May 1, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

---

[1] 2. The petitioner failed to file an application for leave to proceed *in forma pauperis* nor did he submit the $5 filing fee. However, under the circumstances of this case, this court makes no ruling on whether the petitioner should be allowed to proceed *in forma pauperis* as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of April, 2006.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE